## SUPREME COURT.

### PETER DE WITT agt. ELIZABETH McDONALD.

*Complaint — Demurrer — Sufficiency of complaint — Several causes of action arising upon contract may be joined — defect of parties.*

Several causes of action, all arising upon contract, may be joined.

That the second and third causes of action contained sufficient allegations to show breaches of the contracts therein disclosed is sufficient.

The words "fraudulently represented," or "with intent to deceive," or other words charging a wrongful intent are necessary to allege a tort.

Where the complaint merely avers "her agent B. then represented to plaintiff;" and, "defendant entered into an agreement with plaintiff" it does not allege a tort.

The tort may be waived and the defendant may be sued upon contract.

*Held*, that the tort in this case appears to have been waived.

*Held*, further, that there was no defect of parties defendant, as B. is averred to have been the defendant's agent.

*Special Term, February*, 1880.

DEMURRER.

The plaintiff complains and for a first cause of action alleges :

I. That at the city of New York, between the 15th day of March, 1879, and the seventh day of April following, the

plaintiff, at the request and for the benefit of the defendant, performed work, labor and services reasonably worth the sum of $100.

II. That defendant has neglected and refused and still neglects and refuses to pay the same or any part thereof though frequently requested so to do.

For a second cause of action the plaintiff alleges:

I. That from the 1st day of April, 1878, to the 7th day of April, 1879, plaintiff was in possession of a certain lot or parcel of land and premises, consisting of a frame building, and known as No. 799 Sixth avenue, in the city of New York, by virtue of a lease in writing demised to him by one William Amos, assignee of one Charles Smith, to whom said lease was assigned by one Harry M. Jones, who was the original lessee, having, on or about the 1st day of May, 1876, received a lease from the "Temple Bethel," a Jewish congregation and owners of the fee, said lease being for a period of five years from said date. That shortly thereafter said Jones erected the building or premises hereinbefore described.

II. That the defendant became the owner of the fee by purchase from the "Temple Bethel" aforesaid, on or about the 22d day of April, 1878, and claimed the ownership of said building as being part of the realty.

III. That at the city of New York, on or about the 24th day of March, 1879, the defendant, through her agent, one Stephen B. Brague, her attorney herein, entered into an agreement with plaintiff, which said agreement was partly oral and partly in writing, that if he would attorn and pay the rent due on the 1st day of March, 1879, to wit, the sum of forty-six dollars and seventy-five cents, being the balance of the rent for said month, she would indemnify him in the payment thereof so that he would not have to pay the same to said Amos, who was then threatening to eject plaintiff for the non-payment of the same; and that she further agreed, in consideration of said payment, that she would allow plaintiff to remain in the quiet and peaceable possession of said

De Witt agt. McDonald.

premises in accordance with the terms of the aforesaid lease from Amos, to wit, one year from the 1st day of April, 1878, at the monthly rent of sixty dollars, payable in advance, with the privilege of renewal during each and every year until the original term of five years mentioned in the aforesaid lease from the "Temple Bethel" to Jones should have expired, to wit, the 1st day of May, 1881, defendant to supply plaintiff with gas and fuel as in said lease from Amos to plaintiff provided, and in all respects ratifying and confirming the provisions of said last-mentioned lease. That shortly after, a dispute arising upon defendant's failure to supply gas and fuel as aforesaid, it was agreed that plaintiff should have said premises at a rent reduced sufficiently to indemnify plaintiff for the expense of supplying himself with said gas and fuel, the amount to be settled after the determination of certain litigation regarding said premises then pending, and that in case of a disagreement as to the amount thereof it was agreed that said rent should in no case exceed the rate he was then paying, to wit, the sum of sixty dollars per month.

IV. That shortly thereafter and about the 4th day of April, 1879, defendant commenced dispossessory proceedings in the marine court of the city of New York against said Amos, who then occupied the northerly half of said premises; said Smith, the former lessee; said Jones, the original lessee; and one John C. Provost, who claimed to have purchased said building from said Jones, which building said Provost had threatened to tear down and take away; defendant, by her said agent Brague, then represented to plaintiff that it would be necessary to make him (plaintiff) a party defendant in such proceedings in order to give defendant a legal right to the possession of said premises and thereby enable her to confirm plaintiff in his rights under said lease, and that the warrant of dispossession, when obtained, would not be executed as to him.

V. That plaintiff, relying upon the representations above set forth, made no opposition to said dispossessory proceed-

ings; that said warrant was issued and executed, and depo-
nent was ejected from said premises by order of said Brague,
the aforesaid agent of defendant.

VI. That although plaintiff paid the rent for March, 1879,
and was ready and willing at all times to perform all the con-
ditions and obligations on his part, yet by reason of the breach,
by defendant, of the contract hereinbefore set forth, plaintiff
lost the value of said lease and all rights thereunder, and
was subjected to great annoyance, vexation and inconvenience
to his damage $500.

For a third cause of action the plaintiff unites the first,
second, third and fourth allegations of his second cause of
action, and alleges:

I. That, at the city of New York, about the 15th of March,
1879, the defendant entered into an oral agreement with
plaintiff, through said Brague, her said agent, that if he
would allow her to use his (plaintiff's) name as sole plaintiff in
a certain action in this honorable court, in which said Amos
and Provost were defendants, brought for the purpose of
restraining them from tearing down or taking away the
premises aforesaid, she would pay all the costs and expenses,
and indemnify him from all liabilities created or that might
be created by the use of his said name, including the fees and
compensation of the said Brague, her said agent and attorney.
That on or about said 4th day of April, 1879, shortly after
said Brague had obtained said warrant to dispossess plaintiff
and the others above named, he ordered plaintiff to quit said
premises forthwith. Whereupon plaintiff forbade said Brague
from further using his (plaintiff's) name in said action, said
Brague refusing to withdraw from or discontinue the case, or
deliver the lease and other property of plaintiff to him, until
he (plaintiff) should compensate said Brague for his services
as the attorney of the plaintiff in said action.

II. That the plaintiff was thereby obliged to employ an
attorney and counselor at law to enable him to discontinue
said action and extricate himself from his liability for costs

and damages to the aforesaid defendants each of whom appeared by a separate attorney and contested the action. That by reason of the premises plaintiff is indebted to an attorney and counselor at law in the sum of $100, being the amount due said attorney for his services in the matters above set forth, and plaintiff has suffered great loss, annoyance and inconvenience by reason of the breach, by defendant, of the agreement above set forth, to his damage $500.

Wherefore plaintiff demands judgment in the sum of $1,100 besides the costs of this action.

The defendant demurs to the complaint of the plaintiff on the following grounds:

I. That causes of action have been improperly united, in that the first cause is on contract and the second and third causes of action are for fraud and a conspiracy.

II. Defendant demurs to the second and third causes of action on the ground that they do not state facts sufficient to constitute a cause of action.

III. Defendant demurs to the third cause of action on the ground that there is a defect of parties defendant, in that if the action is on contract the only breach alleged is by Stephen B. Brague who is not made a party defendant; if the cause of action alleged is for fraud and conspiracy he should have been made a party defendant.

*F. K. Clark*, for plaintiff.

I. The tort may be waived and the defendant sued upon contract (*Cushman* agt. *Jewell*, 7 *Hun*, 525; *Abbott* agt. *Blossom*, 66 *Barb.*, 353; *Westervelt* agt. *Jacquelin*, *Anth. N. P.*, 320; *Leach* agt. *Leach*, 25 *C.*, 657; *aff'd.*, 58 *N. Y.*, 630; *Hall* agt. *Robinson*, 2 *N. Y.*, 295; 1 *Add. Torts*, 44, *note l* [*D. & B. ed.*]. Even though the tort amount to a felony (*Benedict* agt. *Bk. of Comth.*, 4 *Daly*, 171).

II. The complaint discloses three causes of action, each of which are solely upon contract. (*a.*) The first cause of action

is admitted so to be. (*b.*) As to the second and third causes of action the waiver of tort is expressly set forth. (*c.*) And it is impliedly waived by uniting them in the same complaint with an action conceded to be on contract. " But having inserted in the complaint a waiver of the tort he could not arrest the defendant upon an execution on the judgment" (*Cushman* agt. *Jewell*, 7 *Hun*, 530).

III. The words " fraudulently represented " or " with intent to deceive," or other words charging a wrongful intent, are necessary to allege a tort (*Ross* agt. *Mather*, 51 *N. Y.*, 108; *Hubbell* agt. *Meigs*, 50 *id.*, 480 ; *Meyer* agt. *Amidon*, 45 *id.*, 169 ; *Oberlander* agt. *Speiss*, *id.*, 175 ; *Chester* agt. *Comstock*, 40 *id.*, 1 ; *Marsh* agt. *Falkner*, *id.*, 562 ; *Robinson* agt. *Flint*, 58 *Barb.*, 100 ; *Marshall* agt. *Gray*, 57 *id.*, 414; *Weed* agt. *Case*, 55 *id.*, 534 ; *Taylor* agt. *Scoville*, 54 *id.*, 34; *Livingston* agt. *Keech*, 34 *N. Y. Supr.*, 547 ; 2 *Add. Torts* [*D. & B. ed.*, '76], 1004). And the pleader must also show that he was influenced by the false representations (*Taylor* agt. *Guest*, 58 *N. Y.*, 262). None of these allegations exist in the case at bar, the complaint merely avers : " Her agent, Brague, then represented to plaintiff " and " defendant entered into an agreement with plaintiff."

IV. A complaint is not demurrable if it state facts which entitle the plaintiff to some relief, either legal or equitable (*Mackey* agt. *Auer*, 8 *Hun*, 180; *Richards* agt. *Edict*, 17 *Barb.*, 260 ; *Olery* agt. *Brown*, 51 *How. Pr.*, 93). A complaint is not demurrable because it does not demand all the relief to which the plaintiff may be entitled (*Buess* agt. *Koch*, 10 *Hun*, 299).

V. The defendant cannot demur to the prayer for relief (*Mackey* agt. *Auer*, 8 *Hun*, 180; *Garner* agt. *Thorn*, 56 *How. Pr.*, 452 ; *Stewart* agt. *Hutchingson*, 29 *id.*, 181; *Atwill* agt. *Le Roy*, 15 *id.*, 227 ; *Meyer* agt. *Van Collem*, 28 *Barb.*, 330 ; *Woodgate* agt. *Fleet*, 9 *Abb. Pr.*, 222 ; *Moses* agt. *Walker*, 2 *Hilt.*, 536). The plaintiff may sue (*ex contractu*)

De Witt agt. McDonald.

generally for damages, though the amount be expressed in the contract.

VI. The allegations in the second and third causes of action which, if considered separately might be deemed to sound in tort, consist of matter of inducement necessary to give the jury an intelligent understanding of the peculiar circumstances out of which the cause of action accrued.

VII. If the position last above taken is erroneous, then the allegations are mere surplusage and not demurrable. (*a.*) "The imperfect averment of a material fact is not cause for demurrer. If the intention of the pleader is apparent, but the phraseology doubtful in effect, the remedy is by motion, and not by demurrer" (*Moffatt* agt. *McLaughlin*, 6 *Weekly Dig.*, 293; *S. C.*, 13 *Hun*, 449; *Garrett* agt. *Lawrence*, 59 *N. Y.*, 192; *Bostwick* agt. *Dry Goods Bank*, 67 *Barb.*, 449). (*b.*) If the complaint state a good cause of action, though inartificially expressed, a demurrer will be deemed frivolous (*Lynch* agt. *Levy*, 11 *Hun*, 145; *People* agt. *New York*, 8 *Abb. Pr.*, 7). (*c.*) Charging the defendant's act as a wrongful one does not convert it into a tort (*Bruce* agt. *Hobby*, 5 *N. Y. Leg. Obs.*, 18).

VIII. A demurrer will not lie for mere verbiage or surplusage as: (*a.*) Irrelevancy (*Smith* agt. *Greenin*, 2 *Sand.*, 702; *Watson* agt. *Husson*, 1 *Duer*, 242; *affirmed* 14 *N. Y.*, 60). (*b.*) Redundancy (*Ward* agt. *Ward*, 5 *Abb.* [*N. S.*], 145; *Bishop* agt. *Edmiston*, 16 *Abb.*, 466; *Luddington* agt. *Slauson*, 6 *J. & Sp.*, 81). (*c.*) Uncertainty (*Spies* agt. *Acces. Trans. Co.*, 5 *Duer*, 662; *Seeley* agt. *Engell*, 13 *N. Y.*, 542; *Roeder* agt. *Ormsby*, 22 *How.*, 270). (*d.*) Argumentativeness (*Brown* agt. *Richardson*, 20 *N. Y.*, 472; *Prindle* agt. *Caruthers*, 15 *id.*, 425; *Zabriskie* agt. *Smith*, 13 *id.*, 322). (*e.*) Defect of form (*Howell* agt. *Fraser*, 1 *C. R.*, 270; *S. C.*, 6 *How. Pr.*, 221). (*f.*) Duplicity (*Gooding* agt. *McAlister* 9 *How. Pr.*, 123; *Wells* agt. *Webster*, *id.*, 251). (*g.*) Because hypothetical (*Taylor* agt. *Richards*, 9 *Bosw.*, 679; *Ketchum* agt. *Zerega*, 1 *E. D. Sm.*, 553).

IX. To make a pleading more definite and certain the remedy is by motion only (*Code, sec.* 546; *Warren* agt. *Phillips,* 30 *Barb.,* 647; *Meyer* agt. *Van Collerin,* 28 *id.,* 230; *Chesebrough* agt. *N. Y. and E. R. R.,* 26 *id.,* 9; *Hammond* agt. *Hudson R., &c.,* 20 *id.,* 378; *Richards* agt. *Edict,* 17 *id.,* 260; *Lee Bank* agt. *Kitching,* 11 *Abb.,* 435; *Graham* agt. *Camman,* 5 *Duer,* 697).

X. The allegations of the complaint are sufficient to constitute a (3d) cause of action (1 *Add. Torts* [*Dud. & Bay. ed.,* '76], 10). In *Webb* agt. *Portland Manufacturing Co.* (3 *Sumner,* 189), STORY J., said: "I can very well understand that no action lies in a case where there is *damnum absque injuria;* that is, where there is a damage done without any wrong or violation of any right of the plaintiff; but I am not able to understand how it can be correctly said, in a legal sense, that an action will not lie, even in a case of wrong or violation of a right, unless it is followed by some perceptible damage, which can be established as a matter of fact; in other words that *injuria sine damno* is not actionable. On the contrary, from my earliest reading, I have considered it laid up among the very elements of the common law, that wherever there is a wrong there is a remedy to redress it, and that every injury imports damages in the nature of it, and if no other damage is established, the party injured is entitled to a verdict for nominal damages." "It is impossible to imagine any such thing as *injuria sine damno.* Every injury imports damage, in the nature of it" (*Lord* HOLT, *see* 3 *Pars. Contr.* [6*th ed.*] *and cases there cited*). "A complaint is not defective in substance for omitting to state conclusions which are to be implied from other facts sufficiently stated" (*Case* agt. *Carroll,* 35 *N. Y.,* 385). The intention is to treat Brague, wherever spoken of, as the agent of defendant.

XI. The demurrer is defective. (*a.*) Inconsistent. In that in the first paragraph thereof the third cause of action is treated as sounding in tort, and in the third paragraph it treats the same cause of action capable of being on contract.

De Witt agt. McDonald.

(*b.*) Duplex. It assumes an alternative, "if it is on contract the only breach is by Brague; if for a fraud and conspiracy he should have been made a party." It should assert one or the other. If he could not ascertain which was intended, he should have moved to make more definite and certain. (*c.*) Frivolous. There is nothing on the face of the complaint, express or implied, that warrants the assertion, "if the action is on contract the only breach alleged is by Brague. Plaintiff should have judgment absolute with costs.

VAN VORST, *J.*— The defendant supposes that the plaintiff in and by his second and third causes of action is proceeding to recover damages arising from "fraud and conspiracy." I do not so understand these portions of the complaint. The plaintiff seeks to recover for breaches of contract which these causes of action set up. The tort appears to have been waived.

The causes of action all arising on contract may be joined.

I think that the second and third causes of action contain sufficient allegations to show breaches of the contracts therein disclosed. That is sufficient.

There is no defect of parties defendant; Brague is averred to have been the defendant's agent.

There should be judgment for the plaintiff on the demurrer, with liberty to the defendant to answer on payment of costs.